**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :   CASE NO.: 1:24-CR-29 (LAG) |
| | : |
| JASON ZABORSKE, | : |
| | : |
| Defendant. | : |
| | : |

## **ORDER**

Before the Court is Defendant Jason Zaborske's Unopposed Motion to Continue Trial in the Interests of Justice (Motion to Continue). (Doc. 20). Therein, Defendant moves to continue the above-captioned case to a later date. (*Id.* at 1).

On July 9, 2024, Defendant was charged with one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). (Doc. 1). Defendant was arrested on October 17, 2024, and made his initial appearance on November 1, 2024, where he pled not guilty and was ordered detained pending trial. (Docs. 12, 13, 15; *see* Docket). The matter was set for trial on January 6, 2025, and the pretrial conference was set for December 30, 2024. (Doc. 17). Defendant filed the Motion to Continue on December 20, 2024. (Doc. 20). Therein, Defendant represents that the continuance is necessary because "Defendant has signed the plea agreement and mailed it [to] Counsel in anticipation of a change of plea" and "[a] Change of Plea hearing is currently set for January 6th, 2024." (*Id.* at ¶¶ 3–4). Furthermore, Defendant represents that the Government does not oppose the Motion to Continue. (*Id.* ¶ 6).

Defendant has not identified, nor is the Court aware of, a provision of 18 U.S.C. § 3161 that would support a continuance based on the anticipation of a change of plea. (*See id.*). Furthermore, as the Supreme Court explained in *Zedner v. United States*, one of the primary intents of the Speedy Trial Act is to "serve the public interest" and "protect and promote speedy trial interests that go beyond the rights of the defendant[.]" 547 U.S. 489,

501 (2006). Standing alone, anticipation that the Defendant will enter a change of plea generally is not a basis to overcome the public's interest in a speedy trial. *See id.* Further, the Supreme Court explained that the purpose of ends-of-justice continuances was "to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." *Id.* at 508. The record does not reflect, nor has Defendant indicated that this case is so unusual or complex that a continuance is necessary to avoid a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B). Finally, the lack of Government opposition is not sufficient to outweigh the public's interest in a speedy trial. *United States v. Ammar*, 842 F.3d 1203, 1206–07 (11th Cir. 2016) ("A finding that a continuance is justified solely because the parties agreed to it is not a proper ends-of-justice finding."). Accordingly, as it is not evident that "the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the [D]efendant in a speedy trial[,]" Defendant's Motion (Doc. 20) is **DENIED**. 18 U.S.C. § 3161(h)(7)(A).

**SO ORDERED**, this 23rd day of December, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**